SIGNED.

Dated: January 23, 2012

*James M. Marlar*

**James M. Marlar, Chief Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In re: | Chapter 13 |
|---|---|
| ROBERT J HOTCH and NOREEN S HOTCH, | No. 4:11-bk-17977-JMM |
| Debtors. | **MEMORANDUM DECISION** |

On January 10, 2012, a hearing was held on the "Debtors' Motion to Vacate Order Denying Motion to Set Aside Stay Relief Order; Alternatively to Reimpose Automatic Stay" (ECF No. 73). In addition, Debtors asked the court to enjoin further action by the creditor, U.S. Bank National Association ("U.S. Bank").

At the hearing, the court asked each side, including the Chapter 13 Trustee, to present accounting figures as to payments made to U.S. Bank. To date, only U.S. Bank has done so, in a pleading filed January 13, 2012 (ECF No. 79). It reflects a post-petition delinquency of $12,190.60. This represents five missed post-petition mortgage payments, after crediting monies held by the Trustee, and after "backing out" the costs of a stay relief motion.

The Debtors, pro se, filed for Chapter 13 relief on June 22, 2011. Their case was dismissed on July 11, 2011 for failure to file required documents. However, the case was reinstated on July 21, 2011.

Creditor U.S. Bank, which holds a deed of trust on the Debtors' residence, filed a Motion for Stay Relief on September 26, 2011. When no opposition to that motion was received, the court lifted the stay on October 17, 2011.

On October 18, 2011, the Debtors retained counsel to represent them. Counsel immediately filed a motion to set aside the stay relief order. The motion was heard, and denied, on November 3, 2011 (ECF No. 66).

Another motion was filed by the Debtors on December 12, 2011, seeking to vacate the November 3, 2011 order.

In the meantime, however, U.S. Bank went forward and conducted a Trustee's Sale of the Debtors' residence on December 9, 2011. (See U.S. Bank pleading filed January 13, 2012, ECF No. 79.)

Because a valid foreclosure proceeding has now taken place, the matters now before the court are moot. No injunction was in place to stay U.S. Bank's foreclosure action. Accordingly, due to the procedural posture of the case, and further due to the uncontested facts that the Debtors did not remain current on their mortgage payments, post-petition, as the law requires (11 U.S.C. §§1322(b)(2) and (b)(5)), this court must deny the current Debtor's Motion, as moot. A separate order will be entered. FED R. BANKR. P. 9021. Any aggrieved party shall have 14 days after entry to appeal. FED R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Noticing Center ("BNC") to the following:

Eric Ollason, Attorney for Debtors
Mark S. Bosco and Leonard McDonald, Attorneys for U.S. Bank
Trustee
Office of the U.S. Trustee